**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Argued December 17, 2013
Decided January 9, 2014

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-2125

| | |
|---|---|
| MANUEL RAMOS-RODRIGUEZ, *Petitioner,* | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | A200 881 690 |
| ERIC H. HOLDER, JR., Attorney General of the United States, *Respondent*. | |

**O R D E R**

Manuel Ramos-Rodriguez, a Mexican citizen who was ordered removed in absentia after failing to appear in immigration court, challenges the denial of his second motion to reopen the removal proceedings. The Board of Immigration Appeals agreed with the immigration judge that the second motion was number-barred. Because Ramos-Rodriguez never explains in this court why the Board abused its discretion by

relying on the numeric limit and refusing to consider the merits of his successive motion, we dismiss the petition for review.

Ramos-Rodriguez entered the United States without permission in 1997 and came to the attention of immigration authorities in 2010 after he was arrested for assaulting his girlfriend. Those charges were dismissed when the victim—with whom Ramos-Rodriguez now has three U.S.-born daughters—failed to appear and testify at trial. Ramos-Rodriguez previously had been convicted of battery resulting in bodily injury and received a 5½-month suspended prison sentence. The offense conduct is not described in the record, but the underlying arrest was for domestic battery.

After receiving notices from the immigration court, Ramos-Rodriguez appeared with his lawyer, Jacob Atia Atanga, at hearings in April and August 2011. Shortly before the August hearing he applied for cancellation of removal on the basis of exceptional hardship to his oldest daughter (the younger girls, twins, were not born until 2012). At the hearing itself, the petioner and his lawyer received written notice that his next hearing was scheduled for March 7, 2012. Ramos-Rodriguez admits that this notice was received and translated, though he says that his lawyer kept the document. When neither appeared at the March hearing, the IJ denied the application for relief and ordered the petitioner removed in absentia.

Ramos-Rodriguez, represented by new counsel, moved 51 days later to reopen the removal proceedings. The petitioner did not include an affidavit, but counsel asserted that Ramos-Rodriguez had missed the hearing because he could not remember the date and had been unable to get in contact with attorney Atanga. Counsel did not explain why Ramos-Rodriguez had not called the immigration court to confirm the date, but counsel did attach a document showing that Atanga's license had been suspended in February 2012. Atanga's license was suspended because he failed to cooperate with the disciplinary board's investigation of a different client's grievance. *In re Atanga*, 961 N.E.2d 1003, 1003 (Ind. 2012).

The IJ denied the motion to reopen, reasoning that Ramos-Rodriguez had failed to show the "exceptional circumstances" needed to reopen the matter because he knew about the March hearing and could have contacted the immigration court to verify the date. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). The IJ noted that the "exceptional circumstances" that might excuse nonappearance are defined as "battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling

circumstances . . . beyond the control of the alien." 8 U.S.C. § 1229a(e)(1). Recognizing that Atanga's suspension was "not insignificant," the IJ nevertheless concluded that Ramos-Rodriguez had not provided a reasonable explanation for his absence because he did not describe what steps he took to contact his attorney or provide any evidence of his efforts. Ramos-Rodriguez did not appeal that decision.

Ramos-Rodriguez then hired a third attorney (who is handling this appeal) and filed a second motion to reopen, again contending that attorney Atanga's representation justified reopening as an exceptional circumstance. Counsel conceded, however, that petitioner "is not asserting due process violation or ineffective [assistance] of counsel because the exigent circumstances would not permit him to comply substantially with the Lozada requirements." *See In re Lozada*, 19 I&N Dec. 637, 639 (BIA 1988) (instructing petitioners claiming ineffective assistance of counsel to establish scope of representation, give notice to counsel of ineffectiveness claim, provide counsel's response to allegations, and complain to disciplinary authorities). This time Ramos-Rodriguez submitted an affidavit averring that, although he and Atanga were told at the August 2011 hearing to return in March, he had been nervous and forgot the date. He had called Atanga's office several times and paid him a partial fee of $500, the affidavit continues, but the lawyer never replied to his inquiries about the hearing date. Ramos-Rodriguez wrote that he "did not think about calling the court because I did not believe[] that I had the authority to call the court and I also believed that my attorney knew what he was doing."

The IJ denied the second motion to reopen as number-barred but also concluded that it failed to establish exceptional circumstances. The second motion, the IJ noted, was "simply a reiteration of the first" and did not include any new argument.

Ramos-Rodriguez appealed that decision to the Board of Immigration Appeals, acknowledging that he "does not argue ineffective assistance of counsel per se" but maintaining that his abandonment by Atanga was an exceptional circumstance that excused his absence from the March 2012 hearing. The petitioner conceded that he did not qualify for an exception to the numeric bar, but he asserted—without citing any authority—that the one-motion limit does not apply when trying to reopen an order of removal issued in absentia.

The Board of Immigration Appeals agreed with the IJ that the petitioner's second motion was number-barred. The Board explained that an alien is allowed only one

motion to reopen an order of removal issued in absentia. 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.23(b)(4)(ii).

The parties do not address in their briefs whether this court is reviewing the IJ's decision or the Board's decision, but at oral argument they agreed that we are reviewing the Board's decision because the Board relied on an independent analysis of the numeric bar. *See Borovsky v. Holder*, 612 F.3d 917, 920 (7th Cir. 2010); *Xiao v. Mukasey*, 547 F.3d 712, 717 (7th Cir. 2008). We review the Board's denial of a motion to reopen for abuse of discretion. *Reyes-Cornejo v. Holder*, 734 F.3d 636, 647 (7th Cir. 2013); *Vahora v. Holder*, 707 F.3d 904, 911 (7th Cir. 2013).

In his petition for review, Ramos-Rodriguez principally contends that the Board abused its discretion by denying his second motion to reopen on the basis of the numeric limit instead of addressing the merits. But he advances no legal argument why the Board should have considered his successive motion after the first was denied on the merits. An alien may file only one motion to reopen. 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.23(b)(4)(ii); *Ni v. Holder*, 715 F.3d 620, 623 (7th Cir. 2013); *Simtion v. Ashcroft*, 393 F.3d 733, 736 (7th Cir. 2004). Although there are four exceptions to this numeric limit, Ramos-Rodriguez does not argue that he qualifies for any of them. *See* 8 U.S.C. § 1229a(c)(7)(C)(iv) (exception for victims of domestic violence); 8 C.F.R. § 1003.2(c)(3) (exceptions for changed country conditions, jointly filed motions, and fraud in original proceeding). Instead he compares his case to *Chowdhury v. Ashcroft*, 241 F.3d 848 (7th Cir. 2001), where we explained that a motion to reopen was not number-barred given that the Board had abused its discretion in construing an earlier, ill-defined "motion to reopen and remand" as a motion to reopen, *id.* at 852–54. But Ramos-Rodriguez concedes that his first motion "was clearly designated as a motion to reopen," and he does not assert that it should have been construed differently. Nor can he argue that the IJ erroneously denied it on purely technical grounds. And to the extent that he raises a due process claim, that claim is frivolous because there is no constitutionally protected interest in a discretionary decision to reopen. *See Moosa v. Holder*, 644 F.3d 380, 385 (7th Cir. 2011); *Iglesias v. Mukasey*, 540 F.3d 528, 531 (7th Cir. 2008). Ramos-Rodriguez has not explained how the Board made a legal or constitutional error, so we must dismiss his petition for review. *See Shah v. Holder*, Nos. 12-3658 & 13-1295, slip op. at 4–5 (7th Cir. Dec. 4, 2013) (dismissing petition for review of untimely motion to reopen where petitioner did not raise legal challenge); *Cruz-Moyaho v. Holder*, 703 F.3d 991, 999 (7th Cir. 2012) (dismissing petition for review of second motion to reopen where court could "glean no legal challenges" to Board's decision).

Ramos-Rodriguez's real contention seems to be that he was entitled to a second try because he did not include with his first motion an affidavit or other necessary information. But this is not a legal argument, and it runs counter to the purpose of limiting successive motions. As we have explained, immigration proceedings are "not the only area of the law in which repeated petitions are disfavored," and the numeric bar fulfills the same function as any other restriction on successive motions because it promotes finality and discourages delay. *Chowdhury*, 241 F.3d at 853. Indeed, this limit is particularly critical for preventing stall tactics in proceedings where "every delay works to the advantage of the [removable] alien who wishes merely to remain in the United States." *INS v. Doherty*, 502 U.S. 314, 323 (1992); *see Derezinski v. Mukasey*, 516 F.3d 619, 620–21 (7th Cir. 2008).

Ramos-Rodriguez finally contends that the Board erred in not addressing his "implicit" claim of ineffective assistance of counsel. Arguments not exhausted before the Board are waived, *Cruz-Moyaho*, 703 F.3d at 1000–01; *El-Gazawy v. Holder*, 690 F.3d 852, 858–59 (7th Cir. 2012), and Ramos-Rodriguez stated in his second motion to reopen that he "is not asserting due process violation or ineffective [assistance] of counsel" and in his appeal to the Board wrote that he "does not argue ineffective assistance of counsel per se." We would not expect the Board to read an implicit argument into those disclaimers, so any claim concerning ineffective assistance of counsel is waived.

PETITION DISMISSED.