In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-2442

PRAVIN BALDEVBHAI PATEL and
JYOTSNABEN PATEL,

*Petitioners*,

*v.*

ERIC H. HOLDER, JR.,
Attorney General of the United
States,

*Respondent.*

Petition to Review an Order of the
Board of Immigration Appeals.
Nos. A073-578-087, A070-908-828.

ARGUED DECEMBER 6, 2013 — DECIDED APRIL 1, 2014

Before KANNE and ROVNER, *Circuit Judges*, and DURKIN,
*District Judge.*[*]

---

[*] The Honorable Thomas M. Durkin, of the United States District Court for
the Northern District of Illinois, sitting by designation.

ROVNER, *Circuit Judge*. Jyotsnaben and Pravin Patel petition for review of a denial by the Board of Immigration Appeals of their motion to reopen their removal proceedings. The Patels moved to reopen more than nine years after the Board had dismissed their earlier appeal of an immigration judge's denial of their applications for asylum and other relief from removal. Because their motion to reopen was untimely, we deny the petition.

Jyotsnaben Patel was admitted to the United States in December 1992 as a nonimmigrant visitor; her husband, Pravin Patel, entered nearly six months later but was neither admitted nor paroled. They applied for asylum and both were charged with removability: Mrs. Patel because she had overstayed her visa, *see* 8 U.S.C. § 1227(a)(1)(B), and Mr. Patel because he had entered the country illegally, *see* 8 U.S.C. § 1182(a)(6)(A)(I). Their cases were consolidated, and the Patels testified before an immigration judge in support of their applications for asylum, but the judge found their allegations not credible, denied their applications, and granted them voluntary departure by the end of September 2002. The Patels failed to comply with the order for voluntary departure; their failure rendered them inadmissible for ten years. *See* 8 U.S.C. § 1182(a)(9)(A)(ii); *Dada v. Mukasey*, 554 U.S. 1, 12 (2008); *Hadayat v. Gonzales*, 458 F.3d 659, 664 (7th Cir. 2006). The Patels appealed to the Board of Immigration Appeals, but they filed no brief. With no brief on file, the Board summarily dismissed their appeal in March 2004 and ordered the Patels to leave the United States within thirty days.

The Patels did not comply with the Board's order to leave the country. Still in the United States seven years later, in July

2011 they filed an I-246 application to stay their removal. That application sought from the government a discretionary stay of removal for humanitarian reasons. *See* 8 C.F.R. §§ 241.6 and 212.5. Immigration and Customs Enforcement granted their application in August 2012, permitting the Patels to remain in the country for one more year so that they could apply for adjustment of status or prepare to leave the United States.

Instead of seeking to adjust status (no application is in the record), the Patels moved the Board to reopen their removal proceedings in May 2013. Their request came more than nine years after the Board had ordered their removal but within a year of the stay order. The request also reflected a complicated strategy. The Patels sought to reopen the removal proceedings so that they could ask the government to consent to have those proceedings administratively closed. Once closed, the Patels believed, they could seek a provisional waiver of their inadmissibility on the basis of their U.S.-citizen daughter. *See* 8 C.F.R. § 212.7(e). With the waiver in hand, the Patels could then travel abroad to apply for an immigrant visa to return legally to the United States. *See id.* § 212.7(e)(3)(vi). The Department of Homeland Security opposed their motion to reopen, asserting that it was filed too late and no exception to the filing deadline applied. Moreover, the Department said, even if the Board reopened the proceedings, the government would not consent to close the proceedings administratively, thus eliminating the Patels' eligibility for a provisional waiver and quest for lawful status.

In its order the next month, the Board denied the Patels' motion to reopen. It explained that the motion was filed after

the 90-day period for motions to reopen, *see* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2), the Patels did not assert that they fell within any exception to the 90-day deadline, and they did not establish an extraordinary situation that would warrant reopening sua sponte.

In their petition in this court for review of that order, the Patels argue that the Board abused its discretion in denying their motion to reopen. They contend that the Board ignored two administrative changes to immigration enforcement in the last two years that, they believe, justify reopening their case. First, the Patels repeat that if their cases are reopened, they can seek provisional waivers of inadmissibility. They cite to regulatory changes last year under which aliens granted waivers may lawfully return to the United States after traveling abroad to obtain immigrant visas. *See* 8 C.F.R. § 212.7(e)(4)(v) (effective March 2013). Second, the Patels insist that the Board should have considered a recent internal memorandum from Immigration and Customs Enforcement that describes its updated prosecutorial priorities. Under the terms of that memo, they believe that they are now eligible for an exercise of prosecutorial discretion that favors reopening their case. *See* http://www.ice.gov/doclib/secure-communities/pdf/prosecutorial-discretion-memo.pdf (last visited March 21, 2014). Since the government in 2012 exercised its discretion to grant the Patels an administrative stay from removal, the Patels conclude that, for the sake of consistency, the Board should have extended favorable prosecutorial discretion to permit them to reopen their proceedings.

We review the Board's denial of a motion to reopen for abuse of discretion, and we will uphold its decision unless it was made without a rational explanation or rested on an impermissible basis. *Reyes-Cornejo v. Holder*, 734 F.3d 636, 647 (7th Cir. 2013); *Marino v. Holder*, 687 F.3d 365, 368 (7th Cir. 2012). Here, the Board did not abuse its discretion.

First, an alien seeking the relief of reopening generally must move to reopen within ninety days of the final administrative decision of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The Patels do not dispute that their motion was filed almost nine years too late. The statute provides exceptions to the ninety-day limit, such as a change in country conditions, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii), but the Patels do not argue to us (nor did they argue to the Board) that any of these exceptions apply. Instead, they cite to the recent administrative changes. But regulatory or administrative changes like those on which the Patels rely are not included among the exceptions to the 90-day deadline. The Board thus acted properly in denying the motion as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(3).

Even if the recent administrative changes were exceptions to the 90-day deadline, the Board's refusal to reopen based on them would not be an abuse of discretion. The Patels seek to reopen so they can ask the government to consent to administrative closure, which would allow the Patels to pursue a waiver of inadmissibility and immigrant visas through consular processing overseas. *See* 8 C.F.R. § 212.7(e)(3). But in opposing the motion to reopen, the government emphasized that it would *not* consent to close the proceedings administratively. Without administrative closure, the Patels would

remain ineligible for provisional waivers of inadmissibility, the professed purpose of their motion to reopen. Therefore, far from being required, reopening the Patels' cases would have been pointless.

The Patels offer two replies, but both are unavailing. First, they argue that, even if the Board properly denied their motion, the Board should have reopened the proceedings sua sponte. But we do not review the Board's decisions not to reopen sua sponte. *See Shah v. Holder*, 736 F.3d 1125, 1126 (7th Cir. 2013); *Anaya–Aguilar v. Holder*, 683 F.3d 369, 372–73 (7th Cir. 2012). Second, they insist that, despite the untimeliness of their motion, the Board should have reopened their case as a favorable exercise of prosecutorial discretion, following the advice in the memorandum from Immigration and Customs Enforcement. This contention is flawed on several levels. The Board is not empowered to exercise prosecutorial discretion in agency enforcement of immigration laws. *See Kim v. Holder*, 737 F.3d 1181, 1185 (7th Cir. 2013). Also, government decisions about prosecutorial discretion in immigration enforcement are not subject to judicial review. *Id.* Moreover, the memorandum explicitly states that it does not create any rights or benefits enforceable at law. Finally, the Patels have never explained how a favorable exercise of discretion is the proper reward for their decision to flout the grant of voluntary departure in 2002, the purpose of which was to facilitate removal "without requiring the agency and courts to devote resources to the matter." *Alimi v. Ashcroft*, 391 F.3d 888, 892 (7th Cir. 2004).

So we must deny the petition for review, but two developments after oral arguments require brief comment. First, after

argument, the Patels again sought from Immigration and Customs Enforcement a favorable exercise of prosecutorial discretion to consent to reopening their proceedings, and the agency again refused. Second, after the agency refused the Patels' request, they responded in our court with a "stipulation" asking that we adopt certain "procedures and standards set forth by the Second Circuit." These procedures would require that we dismiss this appeal so that the Justice Department could seek administrative closure. This is not the case to consider adopting the Second Circuit's procedures because those procedures would not help the Patels. Even under the Second Circuit's procedures, the government must consent to administrative closure, *see In re Immigration Petitions for Review Pending in U.S. Court of Appeals for Second Circuit*, 702 F.3d 160, 161 (2d Cir. 2012), and the government has repeatedly refused to do so.

Accordingly, the Board did not abuse its discretion in declining to reopen the Patels' proceedings, and their petition for review is DENIED.