In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-2116

ALVARO CORTINA-CHAVEZ,

*Petitioner*,

*v.*

JEFFERSON B. SESSIONS III, Attorney
General of the United States,

*Respondent.*

On Petition for Review of a Final Order of
the Board of Immigration Appeals.
No. A200 557 821

ARGUED FEBRUARY 7, 2018 — DECIDED JULY 5, 2018

Before BAUER, ROVNER, and SYKES, *Circuit Judges*.

ROVNER, *Circuit Judge.* Alvaro Cortina-Chavez petitions for
review of a decision of the Board of Immigration Appeals
("BIA") to deny his motion to reconsider the dismissal of his
administrative appeal. We dismiss his petition to the extent
that he seeks review of the BIA's refusal to grant *sua sponte*

review of its prior decision, and we deny the remainder of the petition.

## I.

Cortina-Chavez is a native and citizen of Mexico who entered the United States on an unknown date at an unknown place, without presenting himself for inspection by an immigration officer. He came to the attention of immigration authorities after a December 2010 arrest for driving under the influence. On December 28, 2010, the Department of Homeland Security initiated removal proceedings against Cortina-Chavez by filing a Notice to Appear. Cortina-Chavez conceded that he was removable but applied for cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture.

After a hearing, an Immigration Judge ("IJ") denied the application for cancellation of removal because Cortina-Chavez failed to establish that he had been continuously, physically present in the United States for ten years prior to filing his application. The IJ also concluded that Cortina-Chavez was ineligible for asylum because he did not submit his application within one year of arrival, and did not come within any exception to the one-year limit. The IJ denied withholding of removal because Cortina-Chavez failed to demonstrate that he faced past persecution in Mexico or that he would likely be persecuted on his return to Mexico. Finally, the IJ denied his application under the Convention Against Torture because he did not establish that it was more likely than not that he would be subject to torture if he returned to Mexico. The IJ therefore ordered Cortina-Chavez removed to Mexico.

Cortina-Chavez, who was represented by counsel, filed a Notice of Appeal with the BIA. Item 6 of the Notice of Appeal Form EOIR-26 ("Form") directs the person submitting the document to "[s]tate in detail the reason(s) for this appeal." The Form provides a space for this purpose but also allows additional sheets to be attached. The Form contains a prominent warning, set out in a black box immediately below the space provided for the detailed reasons for the appeal:

> **WARNING:** You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal or any statements attached to this Notice of Appeal, why you are appealing.

Administrative Record at 88. Counsel for Cortina-Chavez opted to attach to the Form a list of seven "initial arguments on appeal." Each item on the list was stated in conclusory fashion in a sentence or two, with no citations to the record or to precedent. For example, the first ground for appeal stated:

> First, the IJ committed legal error and abused his discretion by finding that Respondent's evidence did not sufficiently corroborate his claims. The IJ's findings regarding the corroboration of Respondents' [sic] claim should be reversed.

Administrative Record at 90.

Further down on the Form in item 8, counsel checked the "yes" box in response to the question, "Do you intend to file a separate written brief or statement after filing this Notice of Appeal?" Immediately below this question is another prominent black-box warning:

> **WARNING:** … If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule.

Administrative Record at 88. At the end of his list of initial arguments, counsel reiterated his intent to file a brief, reserving the right to provide additional grounds for appeal, "which will be provided in an appeal brief to be submitted after issuance of the transcript and receipt of the briefing schedule for this appeal." Administrative Record at 91.

The BIA sent out the promised briefing schedule, ordering that Cortina-Chavez's brief be filed by July 6, 2016. The briefing schedule repeated the warning that the failure to file the brief could result in summary dismissal of the appeal. Nevertheless, Cortina-Chavez did not file a brief. The Board then summarily dismissed his appeal on two grounds. First, the BIA noted that the appeal consisted of conclusory statements that were devoid of any legal argument, citations to supporting case law, or reference to the record. *See* 8 C.F.R. § 1003.1(d)(2)(i)(A). Second, after indicating that he would file a brief, Cortina-Chavez had neither filed a brief nor explained his failure to do so within the

time set for filing. 8 C.F.R. § 1003.1(d)(2)(i)(E). *See also Matter of Valencia*, 19 I & N. Dec. 354, 355–56 (BIA 1986) (holding that summary dismissal was appropriate where an immigrant failed to meaningfully identify in a Notice of Appeal the reasons for taking the appeal, filed no separate brief and did not seek oral argument to further explain any alleged error).

Cortina-Chavez did not petition for review of that decision in this court. In his opening brief here, he concedes that he did not seek review in this court because we have previously upheld the appropriateness of summary dismissal in similar circumstances. And indeed, our cases support counsel's apprehension. *See Kokar v. Gonzales*, 478 F.3d 803, 808 (7th Cir. 2007) (summary dismissal under § 1003.1(d)(2)(1)(E) for failure to file a brief does not require further explanation or justification by the BIA); *Pasha v. Gonzales*, 433 F.3d 530, 532 (7th Cir. 2005) (remarking that the Board is entitled to invoke section 1003.1(d)(2)(i)(A) and summarily dismiss an appeal where counsel's stated reasons for the appeal are wholly lacking in specificity); *Awe v. Ashcroft*, 324 F.3d 509, 513 (7th Cir. 2003) (noting that the regulations explicitly give the BIA authority to dismiss procedurally defective appeals, including those where a promised brief is never filed); *Stroe v. INS*, 256 F.3d 498, 499 (7th Cir. 2001) (failure to file a brief is a serious procedural default in cases where the appellant is represented by counsel, and dismissal is an appropriate sanction).

Forgoing a petition here, Cortina-Chavez instead filed a motion to reconsider with the BIA. Specifically, Cortina-Chavez requested review of his motion for reconsideration by a three-member panel of the Board, sought *sua sponte* reconsid-

eration of the earlier decision, complained that the earlier decision had been made by a single Board member rather than a panel of three, and argued that summary dismissal under 8 C.F.R. § 1003.1(d)(2)(i)(A) was inappropriate. Cortina-Chavez expressly did not challenge the alternate ground for summary dismissal:

> Respondent does not dispute that the failure to file a brief may subject his appeal to summary dismissal under 8 C.F.R. § 1003.1(d)(2)(i)(E), and undersigned counsel intends to file a motion to reopen with this Board pursuant to *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), based on his failure to ensure that Respondent's appeal brief was received by the Board. The intervening holidays since the November 30, 2016 decision have prevented the completion of the *Lozada* steps as of the filing of this motion.

Administrative Record at 12.[1] Among other things, counsel sought to have the Board *sua sponte* allow the late filing of his brief (which he attached to his motion) and reconsider his case in light of that brief. He conceded that his Notice of Appeal was insufficient to effectively assert his arguments on appeal, but contended that the original Notice contained sufficient specificity to allow the Board to adjudicate at least some of his claims.

---

[1] Counsel had not filed that motion to reopen by the time of oral argument on February 7, 2018.

The BIA, again through a single member, denied the motion to reconsider in its entirety. The Board found that the motion did not identify any error in law or fact, or any argument that was overlooked. Moreover, counsel failed to explain why the Notice of Appeal was not subject to summary dismissal, and did not explain why he never filed the promised brief in a timely fashion. The Board noted that counsel cited no authority for his request for a three-member panel, and did not show why his motion should be granted *sua sponte*. Cortina-Chavez now petitions for review of the denial of his motion to reconsider.

## II.

In his petition, Cortina-Chavez asserts that the BIA abused its discretion in denying his motion for reconsideration. In particular, he contends that the BIA erred when it found that he had failed to indicate errors in law or fact in his motion. He claims that he in fact raised two primary arguments: incorrect application of 8 C.F.R. § 1003.1(d)(2)(i)(A), and failure to refer his initial appeal to a three-member panel. He also challenges the Board's refusal to use its *sua sponte* authority to reconsider its prior decision. Finally, he complains that the Board ignored his separate request to have his motion for reconsideration heard by a three-member panel.

We begin with the BIA's refusal to use its *sua sponte* authority to reconsider its earlier decision. Under 8 C.F.R. § 1003.2(a), the Board "may at any time reopen or reconsider on its own motion any case in which it has rendered a decision." But we have held that the Board's exercise of its *sua sponte* authority is not subject to judicial review. *Shah v. Holder*,

736 F.3d 1125, 1126 (7th Cir. 2013); *Anaya-Aguilar v. Holder*, 683 F.3d 369, 372 (7th Cir. 2012). Moreover, "[i]t is difficult to understand how action in response to a litigant's motion could occur *sua sponte*. That phrase means action on a tribunal's own initiative. If the tribunal acts in response to a litigant's request, the step is not on its own initiative." *Shah*, 736 F.3d at 1126. Because we have no authority to review the Board's refusal, we dismiss this part of the petition.

Our review of the denial of the motion to reconsider is for abuse of discretion. *See* 8 C.F.R. § 1003.2(a) ("The decision to grant or deny a motion to … reconsider is within the discretion of the Board, subject to the restrictions of this section."); *El-Gazawy v. Holder*, 690 F.3d 852, 857 (7th Cir. 2012). In its initial ruling, the BIA gave two reasons for summarily dismissing Cortina-Chavez's appeal. First, his Notice of Appeal lacked the specificity necessary to alert the Board to his grounds for the appeal. That rationale for dismissal was based on 8 C.F.R. § 1003.1(d)(2)(i)(A). Second, after indicating that he would file a brief, Cortina-Chavez had neither filed a brief nor explained his failure to do so within the time set for filing, justifying dismissal under 8 C.F.R. § 1003.1(d)(2)(i)(E). In his motion to reconsider, Cortina-Chavez challenged only the first rationale and expressly disclaimed an argument based on the second reason for dismissal, his failure to file the promised brief. When an adjudicator gives two independent, dispositive reasons for ruling against a party, and the party challenges only one of those grounds, any challenge to the second ground is waived, and a reviewing court may affirm. *See Reed v. Freedom Mortgage Corp.*, 869 F.3d 543, 548 (7th Cir. 2017) (a failure to address a court's second, dispositive rationale is an

adequate basis to affirm the court's decision); *Griffin v. Bell*, 694 F.3d 817, 826 (7th Cir. 2012) (same). *See also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). The BIA did not abuse its discretion in denying the motion to reconsider when Cortina-Chavez challenged only one of the two independent and adequate reasons the BIA gave for summarily dismissing in the first place.

That leaves Cortina-Chavez's challenge to the BIA's failure to refer his case to a three-member panel. Unless a case meets the standards for assignment to a three-member panel under 8 C.F.R. § 1003.1(e)(6), "all cases shall be assigned to a single Board member for disposition." 8 C.F.R. § 1003.1(e). Subsection (e)(6) lists the circumstances that might warrant a three-member panel, and Cortina-Chavez cited two of them in his petition to this court: "[t]he need to review a decision by an immigration judge or the Service that is not in conformity with the law or with applicable precedents;" and "[t]he need to reverse the decision of an immigration judge or the Service, other than a reversal under § 1003.1(e)(5)." 8 C.F.R. § 1003.1(e)(6)(iii) and (vi).

We review the Board's decision to proceed with a single judge for abuse of discretion. *Yusev v. Sessions*, 851 F.3d 763, 768 (7th Cir. 2017) (noting that the regulations give BIA members discretion to refer an appeal to a three-member panel in certain circumstances, but referral is not required). Cortina-Chavez does not explain how the Board abused its discretion in this instance, instead complaining primarily that the Board did not adequately explain its reasons for assigning a single

judge to his case. But the regulations expressly provide that a single board member **or** a panel may summarily dismiss any appeal in which the party fails to specify the reasons for the appeal (as happened here) or fails to file a brief after indicating that one is forthcoming (as also happened here). 8 C.F.R. § 1003.1(d)(2)(i)(A) and (E). There was no abuse of discretion in a single board member issuing a well-founded summary dismissal and denying a motion to reconsider that decision.

DISMISSED IN PART AND DENIED IN PART.