**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 24, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JULIAN CAMILO PENA-SANCHEZ;
DAISY ADRIANA MOYA-VANEGAS;
IAN MARTIN PENA-MOYA; JULIANA
PENA-MOYA,

      Petitioners,

v.

PAMELA BONDI,* United States Attorney
General,

      Respondent.

No. 24-9550
(Petition for Review)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, **MATHESON**, and **FEDERICO**, Circuit Judges.
_____

---

* On February 5, 2025, Pamela Bondi became Attorney General of the United States. Her name has been substituted as Respondent per Fed. R. App. P. 43(c)(2).

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Petitioners seek review of the Board of Immigration Appeals' ("BIA") summary dismissal of their appeal from an immigration judge ("IJ") decision. The BIA said (1) their notice of appeal did not adequately apprise the BIA of their specific challenges to the IJ's decision and (2) they failed to file a timely appellate brief. We deny the petition for review.

## I.    BACKGROUND

### A. *IJ Proceedings*

Petitioners are natives and citizens of Colombia. In January 2022, the Department of Homeland Security served them with a notice to appear ("NTA"). The NTA charged that they were subject to removal from the United States because they (1) were not United States citizens or nationals; (2) were instead Colombian natives and citizens; (3) had arrived in the United States on or about October 28, 2021; and (4) had not been admitted or paroled after inspection by an immigration officer. Petitioners admitted the NTA's factual allegations and conceded removability. They applied for asylum, withholding of removal, and protection under the Convention Against Torture.

Petitioners received a merits hearing before the IJ. On September 29, 2023, the IJ denied their applications for relief and ordered them removed to Colombia or, alternatively, to Mexico. The IJ decision notified petitioners that any appeal to the BIA was due on or before 30 calendar days from the date of service of the decision.

2

B. *BIA Appeal*

1. **Notice of Appeal and Briefing Schedule**

Petitioners filed a notice of appeal ("NOA"), but on October 4, 2023, the BIA rejected it as improperly signed. *See* R., vol. 1 at 58. They filed a corrected NOA on October 13, 2023, which the BIA accepted for filing.

The NOA form, EOIR-26, required petitioners to "[s]tate in detail the reason(s) for this appeal," *id.* at 54, but they stated only that they would "file a written brief detailing the reasons why the appeal should be granted." *Id.* They also checked a box indicating they "intend[ed] to file a separate written brief or statement after filing [the NOA]." *Id.*

The NOA form warned that by checking the box, they would "be expected to file a written brief or statement" after receiving a briefing schedule, and that the BIA could "summarily dismiss [the] appeal" if they failed to do so by the briefing schedule deadline. *Id.* The filing instructions accompanying the NOA also warned that the BIA "may summarily dismiss any appeal . . . in which: (1) [t]he appellant fails to specify the reasons for the appeal . . . [or] [t]he appellant indicates on [the appeal form] that he/she will file a separate brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his/her failure to do so, within the time set for filing." *Id.* at 52.

On November 1, 2023, the BIA issued a briefing schedule, which set a deadline of November 22, 2023, for petitioners' brief and informed them "[t]he brief must be **RECEIVED** at the Board on or before this date." *Id.* at 35. The briefing

3

schedule also again warned that "[i]f you indicate on the Notice of Appeal . . . that you will file a brief or statement, you are expected to file a brief or statement in support of your appeal.  If you fail to file a brief or statement within the time set for filing in this briefing schedule, the Board may summarily dismiss your appeal." *Id.* The filing instructions in the briefing schedule order further warned that "[y]our brief must be RECEIVED at the Clerk's Office at the Board of Immigration Appeals within the prescribed time limits." *Id.* at 36.

2. **Motions to Extend Briefing Deadline**

On November 6, 2023, petitioners moved for a 30-day extension to file their brief.  The BIA rejected their motion because they had improperly filed it with the immigration court rather than the BIA.

Later the same day, petitioners attempted to re-file their extension request electronically with the BIA.  But the BIA denied that request because (1) it "display[ed] the incorrect A# for the lead [respondent] of a different case," and (2) the new address "was not added to [petitioners'] e-registry account that matche[d] the address" on file with the BIA.  *Id.* at 28.  The denial notice again warned that failure to file a timely brief could result in dismissal and advised that if petitioners filed their brief late, they

> should file it along with a motion for consideration of [their] late-filed
> brief. . . . The motion and brief need to be submitted together. The motion
> should set forth in detail the reasons that prevented [them] from filing
> [their] brief on time.  The motion should be supported by affidavits,
> declarations, or other evidence. Only one such motion will be considered
> by the BIA.

4

*Id.* at 28.

On November 8, petitioners requested, for the third time, an extension to file their brief, seeking an extra 21 days. The BIA approved an extension to on or before December 13, 2023. The order again advised that if petitioners filed their brief late, they should include a motion for reconsideration.

3. **Motion to File Late Brief**

Petitioners attempted to file their brief on December 14, 2023. The BIA rejected the brief as late. This rejection notice again advised petitioners of how to request consideration of a late-filed brief, including the need to (1) file the motion and the brief together and (2) support the motion with affidavits, declarations, or other evidence.

On December 14, 2:51 p.m., Eastern Standard Time, petitioners electronically filed a motion requesting the BIA to accept their late brief. The motion explained that petitioners' counsel "was unaware that the filing time was according to Eastern Standard Time and not the Immigration Court's time zone." *Id.* at 15.[1] It further explained that petitioners had filed their brief on December 13 at 10:25 p.m., Mountain Time, 25 minutes past the BIA's midnight deadline. Petitioners stated their "[c]ounsel's office reasonably believed the filing was done timely" and had "adjusted the process for handling these types of matters to help ensure this does not

---

[1] The immigration court was located in Denver, Colorado, which is on Mountain Time, two hours earlier than Eastern Time, which applies to the BIA.

happen in the future." *Id.* They did not submit any declarations, affidavits, or evidence with the motion, and did not include or attach the rejected brief.

On May 30, 2024, the BIA denied petitioners' motion to accept their late brief. It stated that the petitioners' rationale was "insufficient to accept the late filed brief" and "[t]he request does not warrant the [BIA's] exercise of discretion." *Id.* at 4. The BIA said it would not consider additional motions to accept the late-filed brief or to reconsider the denial.

4. **Summary Dismissal**

On July 26, 2024, the BIA summarily dismissed petitioners' appeal under 8 C.F.R. § 1003.1(d)(2)(i)(A). It said the NOA did not "contain statements that meaningfully apprise the Board of specific challenges to the Immigration Judge's September 29, 2023, decision." *Id.* at 3. The BIA also summarily dismissed the appeal under 8 C.F.R. § 1003.1(d)(2)(i)(E). It said that although petitioners had indicated on the NOA that they would file a separate written brief or statement and that they had been granted an extension of time to file their brief, they "failed to file a brief within that extension, and their motion to accept a late-filed brief was denied." *Id.*

Petitioners filed a timely petition for review of the BIA's order.

## II.  DISCUSSION

Petitioners challenge the BIA's refusal to accept their late-filed brief and its summary dismissal of their appeal, contending the BIA abused its discretion and deprived them of due process.

6

We review for abuse of discretion the BIA's denial of a motion to accept a late-filed brief, *Oluwajana v. Garland*, 33 F.4th 411, 415 (7th Cir. 2022), the BIA's dismissal of an appeal for failure to file a promised brief, *Argueta-Orellana v. Att'y Gen. of U.S.*, 35 F.4th 144, 147 (3d Cir. 2022), and dismissal for failure to specify the reasons for an appeal, *see Nazakat v. I.N.S.*, 981 F.2d 1146, 1148 (10th Cir. 1992). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Qiu v. Sessions*, 870 F.3d 1200, 1202 (10th Cir. 2017) (internal quotation marks omitted).

We review claims of due process violations in immigration proceedings de novo. *Lucio-Rayos v. Sessions*, 875 F.3d 573, 576 (10th Cir. 2017).

## A.   *Denial of Late Brief*

In denying petitioners' request to accept a late-filed brief, the BIA cited 8 C.F.R. § 1003.3(c)(1), which provides that the BIA "[i]n its discretion, . . . *may* consider a brief that has been filed out of time." (Emphasis added). The BIA declined to consider petitioners' brief, finding the petitioners' rationale for the late filing insufficient. Petitioners argue their 25-minute delay in filing the brief "was minimal, reasonable, and resulted in no prejudice to the government." Pet'rs' Opening Br. at 16.

Although the BIA could have accepted the brief, it acted within its discretion. *See Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010) (BIA "*could have*" accepted petitioners' untimely brief but "was under no obligation to do so."). The

BIA's discretionary dismissal should be viewed in light of the petitioners' multiple violations of the BIA's rules, including their deficient NOA and two deficient requests to extend the time for filing their brief.

Despite these deficiencies, the BIA granted the petitioners' third request for an extension. But then, again in the face of repeated warnings about the BIA's procedural requirements, petitioners responded with a late-filed brief, followed by a defective attempt to obtain consideration of their belated brief.[2] The BIA found the excuse for late filing insufficient given counsel's waiting to file the brief electronically until nearly midnight on the last day of an already-extended deadline and failing to verify the actual time when the brief was due. This history of petitioners' missteps shows that the BIA did not abuse its discretion.

Petitioners also complain that the BIA's delay in ruling on the motion "hindered [their] ability to rectify the procedural misstep and effectively denied them a meaningful opportunity to have their claims heard." Pet'rs' Opening Br. at 17.[3] But they fail to explain how they could have cured their error if the BIA had ruled

---

[2] Although petitioners had been warned more than once that a motion to consider a late-filed brief must include affidavits, declarations, or other evidence, their motion was bereft of these attachments. Indeed, their motion even recited this requirement. *See* R., vol. 1 at 15.

[3] Petitioners claim the BIA denied their motion "approximately a year and a half" after they filed it. Pet'rs' Opening Br. at 16. But they filed their motion on December 14, 2023, and the BIA denied it on May 30, 2024, approximately five-and-one-half months later.

sooner or how the timing of the BIA's ruling unfairly deprived them of an opportunity to present their claims.

## B.  *Dismissal of Appeal*

Petitioners argue the BIA erred by dismissing their appeal under 8 C.F.R. §§ 1003.1(d)(2)(i)(A) and (E).  Subsection (A) says the BIA may summarily dismiss an appeal if "[t]he party concerned fails to specify the reasons for the appeal on Form EOIR–26 or Form EOIR–29 (Notices of Appeal) or other document filed therewith."  Subsection (E) says the BIA may summarily dismiss if "[t]he party concerned indicates on Form EOIR–26 or Form EOIR–29 that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing."  The regulation is worded disjunctively, and each subsection provides an independent ground for dismissal.  *See Cortina-Chavez v. Sessions*, 894 F.3d 865, 869 (7th Cir. 2018) (concluding subsections (A) and (E) provide "independent, dispositive reasons" for dismissal).

As to subsection (A), at least one court has held that a noncitizen may avoid dismissal under § 1003.1(d)(2)(i) by providing detailed reasons to support an appeal *either* in a separate brief *or* in the NOA itself.  *See Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021).  Relying on this authority, petitioners argue that their statement on the NOA form that they planned to file a written brief detailing their reasons for appeal precluded dismissal under subsection (A).  They contend "the commitment to file a detailed brief serves as a proactive measure to apprise the BIA

9

comprehensively," Pet'rs' Opening Br. at 12, and "the regulatory framework allows appellants to file a NOA that indicates their intention to file a supporting brief detailing their arguments," *id.* at 13.

But this argument takes petitioners only so far. Even if their NOA statement promising to properly file a brief *could have* precluded dismissal under subsection (A), their failure to do so doomed them under subsection (E). Petitioners violated subsection (E) by promising to file a brief and then failing to do so in a timely manner, despite having been advised this could result in summary dismissal. Their NOA promise to file a detailed brief provided no notice to the BIA about their reasons for appealing, let alone apprise the BIA comprehensively. *See* 8 C.F.R. § 1003.3(b) (stating party appealing to the BIA, to avoid summary dismissal, must "specifically identify the findings of fact, the conclusions of law, or both, that are being challenged," and must supply supporting authority for questions of law and identify specific facts that are contested).

"The purpose of the specificity requirement is to ensure that the BIA is adequately apprised of the issues on appeal so that the BIA is not left to search through the record and speculate on what possible errors the petitioner claims." *Nolasco-Amaya*, 14 F.4th at 1012 (brackets and internal quotation marks omitted). A rejected brief does not fulfill that purpose. The BIA's dismissal under subsection (E) was not an abuse of discretion.

## C. *Due Process*

Finally, petitioners argue that both the BIA's rejection of their untimely brief and the dismissal under § 1003.1(d)(2)(i) violated due process. They contend the BIA applied the regulations too rigidly. They further argue that they acted with due diligence by (1) timely submitting their NOA, (2) filing a brief that was delayed by only 25 minutes based on counsel's inadvertent confusion about the appropriate time zone, and (3) promptly attempting to rectify the error.

Noncitizens facing removal "are entitled only to procedural due process, which provides the opportunity to be heard at a meaningful time and in a meaningful manner." *Vladimirov v. Lynch*, 805 F.3d 955, 962 (10th Cir. 2015) (internal quotation marks omitted). Petitioners received that opportunity but repeatedly failed to make proper use of it. *See Santana v. City of Tulsa*, 359 F.3d 1241, 1244 (10th Cir. 2004) ("A party cannot create a due process claim by ignoring established procedures.").

In light of petitioners' aforementioned multiple errors in their proceedings before the agency, their argument that the BIA acted in an unfairly rigid or inflexible manner rings hollow. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 822 (9th Cir. 2003) (declining to find a due process violation where the failure to file a planned brief was attributable to counsel's error rather than any deficiency in the BIA's notice procedures). The BIA's rejection of petitioners' late-filed brief and its dismissal under § 1003.1(d)(2)(i)(E) did not violate due process.

## III. **CONCLUSION**

We deny the petition for review.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge