# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1451

_____

Elisa Leon Gonzalez; Tania Perez Leon

*Petitioner*s

v.

Todd Blanche,[1] Acting Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 13, 2026
Filed: May 13, 2026
[Unpublished]

_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.

_____

[1]Todd Blanche was designated as Acting Attorney General of the United States and is substituted as Respondent pursuant Federal Rule of Appellate Procedure 43(c).

PER CURIAM.

Elisa Leon Gonzalez and her minor daughter are citizens of El Salvador who unlawfully entered the United States in November 2018. Shortly after entering the United States, the Department of Homeland Security served Gonzalez and her daughter with Notices to Appear in Immigration Court for removal proceedings. On November 21, 2019, Gonzalez appeared *pro se* at a removal hearing and admitted her and her daughter's unlawful presence. The Immigration Judge provided Gonzalez with an application for asylum and instructed her to return on December 12 with a completed application. Gonzalez subsequently applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture.

In her application, Gonzalez asserted protection based on her membership in a particular social group and fear of harm or mistreatment if she returned to El Salvador. Gonzalez stated that her partner had witnessed a murder committed by gang members, after which the gang members extorted money from her family in exchange for protection. According to Gonzalez, when her family could no longer afford to pay the extortion, gang members threatened to harm her family. Gonzalez described one situation where she was threatened at gunpoint and pushed after her family stopped paying the extortion. Gonzalez explained that her family fled to the United States shortly after that incident, and that she feared the gang members would kill her and her children if she returned to El Salvador.

On January 11, 2023, the Immigration Judge denied Gonzalez's asylum application, denied withholding of removal, and denied protection under the Convention Against Torture. The Immigration Judge found Gonzalez credible but concluded that she was ineligible for asylum and withholding of removal because "persons who suffered violence or threats of violence by gangs lack[] the requisite visibility, particularity, and/or social distinction to qualify as a particular social group." The Immigration Judge also concluded that Gonzalez did not qualify for protection under the Convention Against Torture because, despite her fear of gang

violence, she "failed to prove that . . . [s]he would be tortured, if removed to El Salvador, at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."

Gonzalez, through counsel, appealed the Immigration Judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture to the Board of Immigration Appeals (the "Board"). Notice of Appeal Form EOIR-26 instructs petitioners to "[s]tate in detail the reason(s) for this appeal." Immediately below this area, a warning reads: "You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statements attached to this Notice of Appeal, why you are appealing." Gonzalez stated the basis for her appeal as: "The IJ erred in not granting asylum, withholding of removal, or protection under the Convention Against Torture and for holding that I did not meet the standards as set forth by law. I reserve the right to present additional arguments in my appellate brief."

Gonzalez also checked the box on Form EOIR-26 indicating she intended to file a separate written brief or statement in support of her appeal. Below this box, Form EOIR-26 contains another warning: "If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule." The Board sent Gonzalez a copy of the asylum hearing transcript and the Immigration Judge's decision on August 16, 2023, and indicated that her appeal brief was due by September 6, 2023. Gonzalez failed to file a brief by this deadline.

On January 26, 2024, an attorney representing Gonzalez sent the Board a letter asking for another copy of the hearing transcript. On February 2, 2024, the Board again provided a copy of the hearing transcript and the Immigration Judge's decision and reset the briefing deadline to February 23, 2024. On February 21, Gonzalez's attorney sought an extension of the deadline, but that request was denied because the

-3-

attorney had not entered an appearance in the matter. Gonzalez's attorney entered an appearance on February 28, five days after the briefing deadline, but did not file an appellate brief.

On April 1, Gonzalez's attorney moved the Board to accept an untimely brief. In support of the motion, Gonzalez's attorney explained that he was unable to timely file the brief because two paralegals had abruptly left his practice, leaving him understaffed, and "there was insufficient time to request a motion to extend the briefing deadline." The Board denied the motion, saying counsel's reason for the late filing was insufficient.

On February 3, 2025, the Board summarily dismissed Gonzalez's appeal, concluding that "[t]he Notice of Appeal does not contain statements that meaningfully apprise the Board of specific reasons underlying the challenge to the Immigration Judge's decision." The Board also concluded that Gonzalez's failure to file an appellate brief after indicating her intent to do so independently subjected her appeal to summary dismissal.

Gonzalez now petitions for review of the Board's summary dismissal of her appeal. She contends the Board should have resolved her appeal on the merits and reversed the Immigration Judge's decision to deny asylum, withholding of removal, and protection under the Convention Against Torture. We review the Board's summary dismissal of Gonzalez's appeal for abuse of discretion. See Uddin v. Att'y Gen. United States, 870 F.3d 282, 288 (3d Cir. 2017); Nolasco-Amaya v. Garland, 14 F.4th 1007, 1012 (9th Cir. 2021).

The Board may summarily dismiss an appeal if "[t]he party concerned fails to specify the reasons for the appeal on Form EOIR-26." 8 C.F.R. § 1003.1(d)(2)(i)(A). The Board may also summarily dismiss an appeal if "[t]he party concerned indicates on Form EOIR-26 . . . that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain

his or her failure to do so, within the time set for filing." Id. § 1003.1(d)(2)(i)(E). Both grounds for dismissal apply here.

Gonzalez's conclusory statement that "[t]he IJ erred by not granting asylum, withholding of removal, or protection under the Convention Against Torture" fails to provide the Board with any indication of how the Immigration Judge purportedly erred. The statement does not identify any erroneous findings of fact and, to the extent it identifies errors of law, fails to identify supporting authority. Because Gonzalez's Notice of Appeal fails to specifically identify the basis for her appeal, the Board did not abuse its discretion by dismissing her appeal. See Soriano v. I.N.S., 45 F.3d 287, 287 (8th Cir. 1995) (finding no abuse of discretion where the petitioner failed to inform the Board of what factual and legal errors an Immigration Judge made); see also Mbah v. Barr, 818 Fed. Appx. 240, 240-41 (4th Cir. 2020) (unpublished) (general conclusory statements without identifying specific factual or legal errors are insufficient to maintain an appeal).

Gonzalez's failure to file an appeal brief after indicating her intent to do so also supports the Board's summary dismissal. Form EOIR-26 expressly warned Gonzalez of the consequences of failing to submit a brief. While Gonzalez's attorney did seek leave to file a brief out of time citing workload concerns, the Board declined to receive the untimely filing because counsel failed to show good cause for the delay. See 8 C.F.R. § 1003.3(c)(1) (workload concerns do not constitute exceptional circumstances warranting an extension of briefing deadlines). Because Gonzalez failed to follow the procedures governing the appeals process, the Board did not abuse its discretion by dismissing her appeal. See Cortina-Chavez v. Sessions, 894 F.3d 865, 867-68 (7th Cir. 2018) (failure to file a brief is grounds for summary dismissal).

The petition for review is denied.

_____